UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ZODIAC POOL SYSTEMS LLC and ZODIAC POOL CARE EUROPE,<br><br>             Plaintiff,<br><br>v.<br><br>WYBOTICS, CO. LTD. f/k/a Tianjin Wangyuan Environmental Protection and Technology Co., Ltd.,<br><br>             Defendant. | Case No. 2:25-cv-582 |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST WYBOTICS, CO. LTD.**

Plaintiffs Zodiac Pool Systems LLC ("ZPS") and Zodiac Pool Care Europe ("ZPCE") (collectively, "Plaintiffs" or "Zodiac"), for their Complaint against Defendant Wybotics, Co. Ltd. f/k/a Tianjin Wangyuan Environmental Protection and Technology Co., Ltd. ("Wybotics" or "Defendant"), allege as follows:

**INTRODUCTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq., arising from Defendant's acts of infringement of United States Patent No 8,393,031 (the "'031 Patent") and United States Patent No. 8,393,029 (the "'029 Patent") (collectively the "Asserted Patents").

**THE PARTIES**

2. Plaintiff Zodiac Pool Systems LLC is a Delaware limited liability company with its corporate headquarters located at 2077 Convention Center Concourse #300, Atlanta, GA 30337.

3. Plaintiff Zodiac Pool Care Europe is a French company with its corporate headquarters located at ZA La Balme, 31450 Belberaud, France.

4. Defendant Wybotics, Co. Ltd. f/k/a Tianjin Wangyuan Environmental Protection and Technology Co., Ltd. is a foreign company organized and existing under the laws of China with its principal place of business located at No. 30, Zhongnan 4th Street, West-Zone Teda, 300462, Tianjin, China. Defendant does business in Texas and in the Eastern District of Texas, directly or indirectly. *See* Ex. 1 (identifying Wybotics as a vendor at the November 2024 International Pool, Spa, Patio Expo in Dallas, TX); *see also* Ex. 2 (import records showing Wybotics' importation of products into Texas); Ex. 3 (Wybotics publication and advertisement in the Longview News-Journal in Longview, TX). Wybotics is responsible for importing making, marketing, distributing, offering for sale, and/or selling Wybotics-branded and/or Wybotics-manufactured robotic pool cleaners in the United States (directly or indirectly), including in this District.

5. Wybotics induces its affiliates, distributors, retail partners, and customers in the making, using, selling, offering for sale, and/or importing throughout the United States, including within this District, infringing products (such as Wybotics-branded and/or Wybotics-manufactured robotic pool cleaners) and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas. Wybotics purposefully has directed and directs its products, including but not limited to Wybot C1, Wybot C1 Pro, Wybot C1 Max, Wybot S2, Wybot S2 Pro, Wybot S2 Solar, AquaClean, Winny HJ3172, Bugson, Bugson Plus, and Aquamoto Scrubo Pro (the "Accused Products") into established distribution channels within this District and the U.S. nationally. *See* Ex. 4 ("Orders will be shipped by USPS, UPS or Amazon

Logistics US. We currently only ship to locations within the continental United States"); *see also* Ex. 5 (translated to: "All of our products can be sold normally in the United States"); Ex. 6 (showing U.S. on the "Customer Distribution Map" and stating "[w]e are selling worldwide including EU, US…"); Ex. 3 (Wybotics publication and advertisement in the Longview News-Journal in Longview, TX). Additionally, Wybotics sells and offers to sell the Accused Products through its websites, wybotpool.com and wybotics.com, which may be accessed throughout the United States, the State of Texas, and this District. *See* Ex. 7.

## JURISDICTION AND VENUE

6.     This action arises under the laws of the United States, 35 U.S.C. §§ 101, 271, 283, 284, and 285, for patent infringement. This Court has original subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Wybotics in this action because Wybotics has committed acts within Texas (and this District) giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction of Wybotics would not offend traditional notions of fair play and substantial justice. Wybotics has committed acts of patent infringement and induced and contributed to acts of patent infringement by others in this District and in Texas by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the Asserted Patents. Moreover, Wybotics engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in this District and in Texas. Wybotics also has purposefully established systematic and continuous contacts with this District and should reasonably expect to be brought into court here. For example, on information and belief Wybotics has imported products, including potentially infringing products, through a port in Houston, TX which were destined for a buyer in

Georgetown, TX. *See* Ex. 2. Furthermore, Wybotics was a vendor at the International Pool, Spa, and Patio Expo in Dallas, TX November 12–14, 2024. *See* Ex. 1. Wybotics has also directly advertised its products, including the Accused Products, in a publication in the Longview News-Journal, a newspaper in the City of Longview, Texas in this District. *See* Ex. 3.

8. Alternatively, and/or in addition, this Court has jurisdiction over Wybotics under Federal Rule of Civil Procedure 4(k)(2). This action arises from actions of Wybotics directed toward the United States, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and deriving revenue from the sale of goods and services, including infringing goods and services, to individuals in the United States. Therefore, Wybotics has purposefully availed itself to the benefits of the United States including this District, and the exercise of jurisdiction over Wybotics would not offend traditional notions of fair play and substantial justice.

9. Venue over this action is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Wybotics is a foreign company, and a defendant not resident in the United States may be sued in any judicial district.

## THE ASSERTED PATENTS

10. On March 12, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,393,031 (the "'031 Patent"), entitled "Apparatus For Cleaning A Submerged Surface With Removable Filtration Device" naming Philippe Pichon and Emmanuel Mastio as inventors. A true and correct copy of the '031 Patent is attached to this Complaint as Exhibit 8 and incorporated herein by reference.

11. The '031 Patent is valid and enforceable.

12. The '031 Patent relates to a robotic pool cleaner that comprises a filtering device with two shells. See Ex. 8, Abstract. The first and second shell of the filtering device are fitted together such that the first shell "acts as a pocket for recovering debris" and the second shell "acts as a liquid inlet conduit." *Id.* at 2:53-56. Furthermore, the two shells are capable of being separated for ease of emptying the collected debris and cleaning the filtering device. *Id.* at 2:59-67.

13. ZPCE owns by assignment all right, title and interest in, and has standing to sue for infringement of the '031 Patent.

14. ZPS holds an exclusive license from ZPCE granting it all substantial rights in and thus standing to sue for infringement of the '031 Patent.

15. Plaintiffs have the right to assert all causes of action arising under the '031 Patent and the right to recover any remedies for infringement of it, including the right to sue for past infringement.

16. On March 12, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,393,029 (the "'029 Patent"), entitled "Apparatus For Cleaning A Submerged Surface Including A Brushing Device Driven By Members For Driving The Apparatus On The Submerged Surface" naming Philippe Pichon and Emmanuel Mastio as inventors. A true and correct copy of the '029 Patent is attached to this Complaint as Exhibit 9 and incorporated herein by reference.

17. The '029 Patent is valid and enforceable.

18. The '029 Patent relates to a robotic pool cleaner for cleaning an immersed surface that comprises a brush driven by the wheels of the cleaner. *See* Ex. 9, Abstract. In particular, the brush is joined to a wheel by means of a brush pinion engaged with a toothed ring on the wheel, causing the rotation of the brush in the same direction as the rotation of the wheel. *Id.* at 3:30-34.

19. ZPCE owns by assignment all right, title, and interest in, and has standing to sue for infringement of the '029 Patent.

20. ZPCE has the right to assert all causes of action arising under the '029 Patent and the right to recover any remedies for infringement of it, including the right to sue for past infringement.

## FACTUAL BACKGROUND

21. On July 29, 2022, Zodiac filed a complaint in the ITC against several respondents including Wybotics for the infringement of the '031 and '029 Patents. *In the Matter of Certain Robotic Pool Cleaners, Products Containing the Same, and Components Thereof*, Inv. No. 337-TA-1326, Complaint (July 29, 2022) (the "ITC Investigation").

22. On the same day, July 29, 2022, ZPCE also filed a complaint in the District Court for the Central District of California against the entities named in the ITC complaint for the infringement of the '031 and '029 Patents. *Zodiac Pool Care Europe v. Wybotics, Co. Ltd. et al*, CDCA-2-22-cv-05271, Dkt. 1 (July 29, 2022) (the "CDCA Action").

23. During the ITC Investigation, Wybotics represented that it had stopped manufacturing, importing, and selling the Accused Products, and it would no longer manufacture, import, or sell the products at issue, which included Winny HJ3172, Bugson, Bugson Plus, and Aquamoto Scrubo Pro (the "ITC Accused Products"). *See* Ex. 10 (excerpt from *Certain Robotic Pool Cleaners*, Respondents' Initial Markman Brief (Dec. 20, 2022); Ex. 11 (excerpt from *Id.*, Respondents Letter to ALJ (Feb. 22, 2023)); Ex. 12 (expert from *Id.*, Complainants Responsive Letter to ALJ (Feb. 24, 2023)).

24. As a result of Wybotics' representations, on February 20, 2023, Zodiac moved to terminate the investigation in the ITC as to Wybotics and TPS "because 'Wybotics [] provided

sworn representations that it [] stopped importing and selling the [ITC] Accused Products and will no longer import or sell the [ITC] Accused Products.'" *Robotic Pool Cleaners*, Order No. 16, Initial Determination (February 21, 2023) (quoting Zodiac's Unopposed Motion to Withdraw Complaint and Terminate Investigation as to Wybotics Respondents February 20, 2023).

25. On March 29, 2023, relying on the representations by Wybotics in the ITC Investigation, ZPCE filed a voluntary dismissal without prejudice as to Wybotics and TPS in the CDCA Action, electing not to seek damages for the sale of the Accused Products so long as Wybotics ceased its infringement. *Id.*, Dkt. 24 (March 29, 2023).

26. On information and belief, for a brief period of time, Wybotics abided by its representations to the ITC and sold non-infringing versions of its robotic pool cleaners. However, Wybotics has again started selling infringing products, including the Wybot C1, Wybot C1 Pro, Wybot C1 Max, Wybot S2, Wybot S2 Pro, and AquaClean, which are each non-materially different with respect to the infringing features covered by the '031 Patent. Wybotics' recent sales of products that are not materially different from the ITC Accused Products with respect to the infringing features flies in the face of the sworn representations that it made during the ITC Investigation—namely that Wybotics had stopped manufacturing, importing, and selling the ITC Accused Products and had no plans to do in the future.

27. Additionally, despite making the sworn representations, Wybotics began advertising on its website that it "did not make any commitments . . . or sign any agreement," so "all of [its] products can be sold normally in the United States." Ex. 5.

28. As a result, Zodiac now brings this action, seeking relief both as to the newly introduced infringing products (i.e., Wybot C1, Wybot C1 Pro, Wybot C1 Max, Wybot S2, Wybot S2 Pro, and AquaClean), which Wybotics represented would no longer be sold, and seeking

damages with respect to the ITC Accused Products and any others have met the limitations of the Asserted Patents.

## COUNT 1

## Infringement of U.S. Patent No. 8,393,031

29. Zodiac re-alleges and incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

30. Without license or authorization and in violation of 35 U.S.C. § 271(a), Wybotics has infringed and continues to infringe the '031 Patent by importing into this district and elsewhere in the United States, using, offering for sale, and/or selling within this district and elsewhere in the United States, products related to swimming pool cleaners which incorporate each and every element of one or more of the claims of the '031 Patent and therefore are covered by the '031 Patent, including but not limited to the Accused Products.

31. Wybotics directly infringes one or more claims of the '031 Patent, including but not limited to claim 1, either literally or under the doctrine of equivalents by using, selling, offering for sale, or importing into the United States the Accused Products and will continue to do so unless enjoined by this Court.

32. The Accused Products meet each and every limitation of at least claim 1 of the '031 Patent. Exemplary infringement claim charts are attached to this Complaint for the Wybot C1 (*see* Exhibit 13) and Wybotics HJ3172 (*see* Exhibit 14) and are incorporated herein by reference.

33. Wybotics also indirectly infringes the '031 Patent within the United States by inducement under 35 U.S.C. § 271(b). Wybotics knowingly and intentionally induced, and continues to induce, others in this judicial district and throughout the United States, including but not limited to Wybotics' customers and/or ultimate end users, to directly infringe one or more

claims of the '031 Patent, such as claim 1. Wybotics does so, *inter alia*, by (1) providing instructions or information to explain how to use the Accused Products in an infringing manner; and (2) touting these infringing uses of the Accused Products in Wybotics' Wybot C1 Operating Manual. *See* Ex. 15; *see also* Ex. 16.

34. Wybotics also indirectly infringes the '031 Patent by contributing to direct infringement by Wybotics' customers and/or ultimate end users under 35 U.S.C. § 271(c) by providing the Accused Products, which, as evidenced by Wybotics' own advertising materials, are specifically made for use in a manner infringing one or more claims of the '031 Patent, such as claim 1, and have no substantial non-infringing uses.

35. On information and belief, Wybotics imports the Accused Products into the United States for further sale in the United States. *See* Ex. 2.

36. Zodiac has suffered and continues to suffer monetary damages and other injuries as a result of Wybotics' past and continuing infringement under 35 U.S.C. § 271. Zodiac has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. Zodiac is entitled to recover damages to compensate Plaintiff for Wybotics' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

37. Zodiac has been and continues to be irreparably injured by Wybotics' past and continuing infringement, inducement of infringement, and/or contributory infringement of the '031 Patent, and Wybotics' infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

38. Wybotics' infringement, inducement of infringement, and/or contributory infringement of the '031 Patent has been and continues to be willful, deliberate, and with knowledge of the '031 Patent, such that Zodiac is entitled to recover enhanced damages pursuant

to 35 U.S.C. § 284 and attorney's fees and other expenses of litigation pursuant to 35 U.S.C. § 285. For example, Wybotics learned of the '031 Patent at least as early as July 29, 2022, the filing date of the ITC Investigation and CDCA Action. Additionally, as stated above, Wybotics represented in the ITC Investigation that it was no longer manufacturing the Accused Products, but subsequently began manufacturing the Accused Products again while also advertising on its website that it had not made any commitments during the ITC Investigation and can freely manufacture, import, and sell in the United States. *Supra* Factual Background.

## COUNT 2

### Infringement of U.S. Patent No. 8,393,029

39. Zodiac re-alleges and incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

40. Without license or authorization and in violation of 35 U.S.C. § 271(a), Wybotics has infringed and/or continues to infringe the '029 Patent by importing into this district and elsewhere in the United States, using, offering for sale, and/or selling within this district and elsewhere in the United States, products related to swimming pool cleaners which incorporate each and every element of one or more of the claims of the '029 Patent and therefore are covered by the '029 Patent, including but not limited to the Accused Products.

41. Wybotics directly infringed and/or infringes one or more claims of the '029 Patent, including but not limited to claim 1, either literally or under the doctrine of equivalents by using, selling, offering for sale, or importing into the United States the Accused Products that embody each element of at least one of the claims of the '029 Patent and will continue to do so unless enjoined by this Court.

42. The Accused Products meet each and every limitation of at least claim 1 of the '029 Patent. An infringement claim chart is attached to this Complaint for the Wybotics HJ3172 and is incorporated herein by reference. *See* Exhibit 17.

43. Wybotics also indirectly infringed and/or infringes the '029 Patent within the United States by inducement under 35 U.S.C. § 271(b). Wybotics learned of the '029 Patent at least as early as receipt of a letter dated February 12, 2016. Since then, Wybotics knowingly and intentionally induced, and continues to induce, others in this judicial district and throughout the United States, including but not limited to Wybotics' customers and/or ultimate end users, to directly infringe one or more claims of the '029 Patent, such as claim 1. Wybotics does so, *inter alia*, by (1) providing instructions or information to explain how to use the Accused Products in an infringing manner; and (2) touting these infringing uses of the Accused Products in Wybotics' HJ3172 Operating Manual. *See* Ex. 16.

44. Wybotics also indirectly infringed and/or infringes the '029 Patent by contributing to direct infringement by Wybotics' customers and/or ultimate end users under 35 U.S.C. § 271(c) by providing the Accused Products, which, as evidenced by Wybotics' own advertising materials, are specifically made for use in a manner infringing one or more claims of the '029 Patent, such as claim 1, and have no substantial non-infringing uses.

45. On information and belief, Wybotics imported and/or imports the Accused Products into the United States for further sale in the United States.

46. ZPCE has suffered and continues to suffer monetary damages and other injuries as a result of Wybotics' past and continuing infringement under 35 U.S.C. § 271. ZPCE has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. ZPCE is entitled to recover

damages to compensate ZPCE for Wybotics' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

47. ZPCE has been and continues to be irreparably injured by Wybotics' past and continuing infringement, inducement of infringement, and/or contributory infringement of the '029 Patent, and Wybotics' infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

48. Wybotics' infringement, inducement of infringement, and/or contributory infringement of the '029 Patent has been and continues to be willful, deliberate, and with knowledge of the '029 Patent, such that ZPCE is entitled to recover enhanced damages pursuant to 35 U.S.C. § 284 and attorney's fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Zodiac respectfully requests that the Court:

A. Enter judgment that Wybotics has infringed at least one or more claims of the '031 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B. Enter judgment that Wybotics has infringed at least one or more claims of the '029 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

C. Award Zodiac its actual damages as a result of Wybotics' infringing activities;

D. Permanently enjoin Wybotics from continuing to infringe, induce infringement, or contribute to infringement of the '031 patent, pursuant to 35 U.S.C. § 283;

E. Permanently enjoin Wybotics from continuing to infringe, induce infringement, or contribute to infringement of the '029 patent, pursuant to 35 U.S.C. § 283;

F. Award Zodiac damages in an amount to be proven at trial because of the injury suffered by reason of Wybotics' infringement of the '031 Patent;

G. Award ZPCE damages in an amount to be proven at trial because of the injury suffered by reason of Wybotics' infringement of the '029 Patent;

H. Increase the damages awarded to Zodiac by three times the amount found to be Zodiac's actual damages, as authorized by 35 U.S.C. § 284 as a result of Wybotics' willful infringement of the '031 Patent;

I. Increase the damages awarded to ZPCE by three times the amount found to be ZPCE's actual damages, as authorized by 35 U.S.C. § 284 as a result of Wybotics' willful infringement of the '029 Patent;

J. Award Zodiac its expenses of litigation, including reasonable attorney's fees pursuant to 35 U.S.C. § 285;

K. Award Zodiac prejudgment interest, post-judgment interest, and costs pursuant to 35 U.S.C. § 284; and

L. Award Zodiac such other and further relief as the Court deems just and proper.

## JURY DEMAND

Zodiac, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury on all issues so triable.

Dated: May 23, 2025                                Respectfully submitted,

                                                       */s/ Melissa R. Smith*
                                                      Melissa R. Smith
                                                      Texas State Bar No. 24001351
                                                     GILLAM & SMITH, LLP
                                                     303 South Washington Avenue
                                                     Marshall, Texas 75670
                                                     Telephone: (903) 934-8450
                                                     Facsimile: (903) 934-9257
                                                     Email: melissa@gillamsmithlaw.com

Of Counsel:                                        KILPATRICK TOWNSEND & STOCKTON LLP

                                                     Steven D. Moore
                                                     Two Embarcadero Center, Suite 1900
                                                     San Francisco, CA  94111
                                                     Telephone: (415) 576-0200
                                                     Facsimile: (415) 576-0300
                                                     Email:  smoore@ktslaw.com

                                                     Kevin M. Bell
                                                     1400 Wewatta Street, Suite 600
                                                     Denver, CO USA 80202
                                                     Telephone: (303) 571-4000
                                                     Facsimile: (303) 571-4321
                                                     Email:  kbell@ktslaw.com

                                                     Kathleen R. Geyer
                                                     1420 Fifth Ave., Suite 3700
                                                     Seattle, WA 98101
                                                     Telephone: (206) 467-9600
                                                     Facsimile: (206) 623-6793
                                                     Email:  kgeyer@ktslaw.com

                                                     Christopher S. Leah
                                                     Andrew D. Evans
                                                     1100 Peachtree Street NE, Suite 2800
                                                     Atlanta, GA 30309
                                                     Telephone: (404) 815-6500
                                                     Facsimile: (404) 815-6555
                                                     Email:  cleah@ktslaw.com

                                                     *Attorneys for Zodiac Pool Systems LLC and Zodiac Pool Care Europe*